## Mayer v. McManus

*Albert E. Smith,* for plaintiffs.
*Rodger L. Mutzel,* for defendants.
*Donald J. Orlowsky,* for additional defendant.

BLOOM, J., May 5, 1966.—This case comes before the court on preliminary objections filed by the additional defendant, Hannah Rosing, in the form of a petition raising a question of jurisdiction of this court

over said additional defendant. The action was initiated when plaintiffs, George F. Mayer et al., filed a complaint in equity to restrain defendant partners from connecting to and discharging sewerage into a eight-inch sanitary sewer owned by plaintiffs.

It would appear from plaintiffs' complaint that when the builders of a building presently located on defendants' premises and now occupied by the American Stores Company were constructing the same, plaintiffs agreed for a money consideration to permit said builders to connect a sewer line from the said building to plaintiffs' private sewer line. Defendants are presently constructing five new stores on their property and have installed a sewer lateral for each store, which laterals they have attached and connected to the sewer line running from the building now occupied by the American Stores Company to the eight-inch sanitary sewer owned by plaintiffs. Plaintiffs allege that defendants will discharge sewerage from this source into plaintiffs' sanitary sewer without plaintiffs' permission.

Defendants filed an answer and new matter wherein they allege that at the time the sewer line from the building occupied by the American Stores Company to plaintiffs' sanitary sewer was constructed, the laterals were also constucted for future stores which defendants are now building. Said laterals were constructed by the additional defendant, Hannah Rosing, who is defendants' predecessor in title, and that plaintiff had full knowledge that the sewer line was constructed for the benefit of all lands owned at that time by the additional defendant, Hannah Rosing.

Defendants have joined their predecessor in title, Hannah Rosing, as an additional defendant by issuing a praecipe for a writ to so join her and by filing a complaint against her. In defendants' complaint against the additional defendant, they allege that they entered into a written agreement of sale with the additional

defendant on November 5, 1964, and at the time that the said agreement of sale was executed, a certain sanitary sewer line with laterals extended across the entire premises they were purchasing. Said sanitary sewer extended from land immediately adjacent to defendants and occupied by the American Stores Company to the eight-inch sanitary sewer line which plaintiffs allegedly owned. The agreement of sale between defendants and the additional defendant contained a provision wherein the additional defendant warranted that sewer and water lines were installed and available to the buyer at the property. Defendants further allege that they relied on this provision in purchasing of the property and taking title thereto and in developing the said premises which required a connection to the aforesaid sewer laterals. Therefore, defendants allege that any damages sustained by plaintiff were the result of their relying on said warranty and that the additional defendant is responsible for said damages.

The additional defendant, Rosing, was a resident of Philadelphia County and, therefore, service of the writ and complaint was made by the Sheriff of Philadelphia County, who was deputized to do so by the Sheriff of Delaware County. The additional defendant filed preliminary objections raising a question of jurisdiction and averring that defendant has an adequate remedy at law. In examining the pleadings in this matter, this court has reached the conclusion that the additional defendant is improperly joined because her liability is not based upon the cause of action declared upon by plaintiff. Pennsylvania Rule of Civil Procedure 2252(a) governs the right to join additional defendants and is as follows:

"In any action the defendant or any additional defendant may file as of course, a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or

liable over to him on the *cause of action declared upon* or jointly or severally liable thereon with him". (Italics supplied).

The test of whether defendants' cause of action against the additional defendant *is upon the same cause of action* as that of plaintiff against defendant, is whether the original defendants' complaint is related in substance to the complaint of plaintiff against defendant: Radel v. Long, 19 D. & C. 2d 547. In the case of Steele v. Sheppard, 402 Pa. 33, a tenant sued a landlord in assumpsit for the breach of certain covenants contained in their lease having to do with the repair, maintenance and replacement of equipment in the leased premises. Defendant landlord endeavored to join one Stern as an additional defendant, claiming that he was solely responsible to plaintiff, since the landlord had an employment contract with Stern wherein Stern was required to do and perform all work necessary under the terms of the lease between plaintiff and defendant in connection with the repair, maintenance and replacement of furniture, fixtures and equipment therein. Our Supreme Court refused to permit the joinder of the additional defendant Stern. The Supreme Court pointed out that the cause of action declared upon by plaintiff against defendant was based upon a lease, while the cause of action declared upon by defendant against the additional defendant was based upon an employment agreement and stated that this alone was sufficient grounds to deny joinder. The court said:

"We are clearly dealing with two separate causes of action, and to allow the contemplated joinder would be contrary to the purpose of Rule 2252(a) of the Pennsylvania Rules of Civil Procedure since it would complicate and confuse the litigation".

Similar rulings were made in similar circumstances in the cases of Briskman v. Greenhill Farms of Lower

Merion, Inc., 186 Pa. Superior Ct. 482, and Tele-Tone National Corp. v. Sheftz, 77 D. & C. 459, which cases arose in Delaware County.

In the cases before us, the cause of action declared upon by plaintiffs against defendants is in equity and is based upon defendants' ownership of a sanitary sewer and the right of defendants to connect to and to discharge sewerage in the same. The cause of action declared upon by defendants against the additional defendant is one in assumpsit and is based upon a provision in an agreement of sale between the said parties. Plaintiff has no connection whatsoever and is not a party to the said agreement of sale. To allow the joinder of the additional defendant in this case would only complicate the issue before the court. The joinder of the additional defendant must be denied and the preliminary objections sustained. Therefore, we make the following

ORDER

And now, to wit, May 5, 1966, it is ordered and decreed as follows:

1. That the preliminary objections of the additional defendant, Hannah Rosing, be and the same are hereby sustained.

2. Defendants' complaint against the additional defendant, Hannah Rosing, be and the same is hereby dismissed in the above-captioned case without prejudice to defendants' right to file a separate action against the said additional defendant, Hannah Rosing.

3. Defendants, J. Bradley McManus, Patrick J. Ruane and Ephraim Marelia, copartners, trading as Olympic Investors, are hereby granted an exception to the court's action.

---

* Judge Lippincott did not participate in the consideration and decision of this case.