## Briskman *v.* Greenhill Farms of Lower Merion, Inc., Appellant.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before BRETHERICK, J.

*Howard Richard,* with him *Jack Brian,* and *Berman & Richard,* for appellant.

*Alvin S. Ackerman,* with him *Paul Robert Sand,* for plaintiffs, appellees.

*Joseph W. deFuria,* with him *deFuria, Larkin & deFuria,* for additional defendant, appellee.

OPINION BY HIRT, J., June 11, 1958:

On July 30, 1954, the plaintiffs, husband and wife, contracted with the defendant Greenhill Farms of

Lower Merion, Inc., for the purchase of a dwelling house then in the course of construction. We will refer to this corporation as Greenhill. The total purchase price was $35,400. In the sales agreement Greenhill, the seller, assumed liability for such latent defects in construction of the house as would not be discoverable by reasonable inspection prior to settlement which was had on October 13, 1954. At various times thereafter the plaintiffs became aware of construction defects and this action was brought to recover the cost of correcting them, as provided by the sales agreement. In general the alleged defects were: in the concrete of the basement floor evidenced by eroding and disintegration of the surface; in the cellar walls through which water seeped resulting in a wet basement; the buckling of hardwood floors; the warping of doors; the loosening of the caulking around the windows; the collecting of water in pools on the roof because of improper installation of gutters to carry it off; the falling of a section of rock lath and plaster from the stairwell leading to the basement. There were other alleged latent defects, which did not come to the notice of plaintiffs until after settlement and the payment by plaintiff of the whole of the purchase price. In this action they asserted $2,243 as the total cost of remedying the defects alleged. The case was tried by Judge BRETHERICK without a jury who found for the plaintiffs in the sum of $1,200. In the action Greenhill had brought in Arthur E. Bleakley as additional defendant under Pa. R. C. P., Goodrich-Amram, §2252. At the trial a nonsuit was entered in Bleakley's favor. Subsequently, after argument on the original defendant's motions for judgment n.o.v. in its favor and for a new trial, both applications were refused and judgment was entered for plaintiffs on the verdict. This is the appeal of Greenhill from the judgment.

The restoration of the premises to the condition required by the contract did not involve economic waste; the cost of making the repairs therefore was the measure of damages. Restatement of Contracts, §346; *Myer Feinstein Co. v. DeVincent,* 151 Pa. Superior Ct. 254, 30 A. 2d 221; *Harman et ux. v. Chambers,* 358 Pa. 516, 57 A. 2d 842. The findings of the trial judge on the proofs in this case had the force and effect of a verdict of a jury. The trier of the facts was not obliged to accept the plaintiffs' evidence at face value. The trial judge undoubtedly found that some of the defects for which plaintiffs claimed damages were not latent and as to others that it would cost less than claimed by the plaintiffs to restore them. Plaintiffs' expert was fully qualified to testify at the trial as to the cost of restoration. On the other hand the officer of defendant corporation had little experience in the field of alteration costs or repairs and the trial judge in his discretion properly sustained an objection to his competency as an expert. *Benshetler v. Palumbo Motors, Inc.,* 380 Pa. 353, 110 A. 2d 207. The verdict is supported by the competent evidence and for that reason may not be set aside. *Jann v. Linton's Lunch,* 150 Pa. Superior Ct. 653, 29 A. 2d 219.

In the absence of a separate appeal by Greenhill we are not called upon to consider the additional question raised by this appellant, namely: whether there was error in the refusal of the court to take off the nonsuit granted in favor of the additional defendant, Bleakley. It may be noted, however, that defendant Greenhill had joined Bleakley as additional defendant on the basis of an "employment contract" entered into by the defendant with Bleakley. In the contract Bleakley was hired as defendant's building superintendent. There may be liability on Bleakley because of the latent defects in an action by the original de-

fendant against him. In this case, however, there was no showing of privity between plaintifffs and the additional defendant, on "the cause of action declared upon" by the plaintiffs. For that reason the question of Bleakley's liability over to Greenhill on a contract to which plaintiffs were not a party, is not before us. The cause of action upon which an original defendant may bring in an additional defendant, invariably must be the cause of action declared on by the plaintiff in the action against the original defendant. *Land Title B. & T. Co. v. Cheltenham Nat. Bk.*, 362 Pa. 30, 41, 66 A. 2d 768.

Judgment affirmed.