Steele *v.* Sheppard (et al., Appellant).

Argued October 4, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Charles F. Dean*, for appellant.

*Guy L. Warman*, with him *John A. Metz, Jr., J. Benjamin Alpern*, and *Metz, Cook, Hanna & Kelly*, for appellee.

OPINION BY MR. JUSTICE COHEN, December 1, 1960:

This is an appeal from an order of the Court of Common Pleas of Allegheny County sustaining preliminary objections and dismissing a third-party complaint.

The plaintiffs, James and Georgina Steele, instituted an action in assumpsit against the defendants-appellants, executors of the estates of Ike and Harry Browarsky, and Associated Theatres, Inc. Associated Theatres, Inc. served a third-party complaint upon the additional defendant-appellee, Ernest Stern, claiming sole liability, or liability over, in assumpsit in the event that it was held liable upon the original cause of action.

The cause of action declared upon by the plaintiffs is the alleged breach of certain covenants contained in a written lease for a theatre dated September 1, 1944, covering a term of 15 years between plaintiffs and Ike and Harry Browarsky, which lease was assigned by the Browarskys to Associated Theatres, Inc. on May 15, 1946.

The contract wherein Associated agreed to "hire, engage and employ Stern to operate and manage" the theatre, and upon which the liability of Stern is predicated, covered the period from December 15, 1955 to September 1, 1959. The pertinent portion of that agreement is as follows: "5. As soon as this agreement becomes operative Stern shall, at his own cost and expense, do and perform all things that are necessary and required under the terms and provisions of the said lease for the Bellevue Theatre in connection with

the repair and maintenance thereof and the repair, maintenance and replacement of the furniture, fixtures, and equipment therein."

The cause of action declared upon by plaintiffs against defendants is based upon a lease. The cause of action declared upon by Associated against Stern is based upon an employment agreement. This alone is sufficient grounds to deny joinder. See *Briskman v. Greenhill Farms of Lower Merion, Inc.,* 186 Pa. Superior Ct. 482, 142 A. 2d 504 (1958).

Moreover, the cause of action declared by plaintiffs includes, inter alia, such things as a claim for equipment improperly removed from the premises by defendant prior to the Stern agreement, a claim for fire insurance proceeds converted by defendants prior to the Stern agreement, a claim for loss of good will in violation of the covenant contained in the lease, a claim for loss as a result of defendant's refusal to deliver possession of the premises to plaintiffs according to the terms of the lease, and a claim for a portion of increased taxes as provided in the lease.

We are clearly dealing with two separate causes of action, and to allow the contemplated joinder would be contrary to the purpose of Rule 2252(a) of the Pennsylvania Rules of Civil Procedure since it would complicate and confuse the litigation.

Order affirmed.