Marple Township *v.* Mar-Ann Holding Company (et al., Appellant).

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Thomas J. Burke,* with him *Haws and Burke,* for appellants.

*George J. McConchie,* with him *John F. Cramp,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, July 17, 1961:
The Township of Marple in Delaware County brought an action in assumpsit against Mar-Ann Hold-

ing Company (succeeded by Bridgmac, Inc.) as the result of an alleged defective paving and improving work done by the defendant in executing a contract entered into between plaintiff and Mar-Ann and assumed by Bridgmac. The defendant Bridgmac joined as additional defendants Nicholas A. Cardinale, Dominic Cardinale, and Frank Cardinale, individually and trading as Nicholas P. Cardinale & Co. (hereinafter referred to as Cardinale), asserting that Cardinale was at fault since it had entered into an oral contract with Bridgmac to do the work contracted for between Marple and Bridgmac. Cardinale then joined as further additional defendants Joseph DiFrancesco and George DiFrancesco, individually and trading as V. DiFrancesco & Sons (hereinafter referred to as DiFrancesco) claiming that whatever damages were suffered by the plaintiff were due to defective concrete supplied by DiFrancesco.

DiFrancesco opposed the joinder but, instead of filing preliminary objections, thus directly raising the question of improper joinder, filed an answer denying all the material allegations of Cardinale's complaint. He later, however, filed a motion for judgment on the pleadings. The motion was granted. Cardinale appealed.

The court below held the joinder to have violated Rule 2252(a) and dismissed Cardinale's action against DiFrancesco, without prejudice to the rights of Cardinale to institute a separate suit against DiFrancesco.

Rule 2252(a) of the Pennsylvania Rules of Civil Procedure provides: "In any action the defendant or any additional defendant may . . . join as an additional defendant any person not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon* or jointly or severally liable *thereon* with him." (Emphasis supplied)

It should be obvious that Cardinale's claim against DiFrancesco is not based on the same cause of action which underlies the plaintiff's suit against Bridgmac. Marple Township sued Bridgmac on a contract which had to do with Bridgmac's commitments to pave and improve streets, install water mains, etc. Cardinale's claim against DiFrancesco arises out of a wholly separate agreement which had to do with the supplying of materials by DiFrancesco to Cardinale.

Even though it should happen that eventually the losses sustained by Marple Township should fall upon DiFrancesco because he supplied defective materials to Cardinale, this does not mean that his liability arises out of the original contract between Marple and Bridgmac.

To the absolute contrary, DiFrancesco's liability, if any, flows from a separate contractual duty he owes not to the plaintiff but to Cardinale, and no one else. This proposition can be illustrated by the fact that the plaintiff could not, if it had so desired, brought suit against DiFrancesco on the basis of a breach of contract between Cardinale and DiFrancesco.

Cardinale argues that Rule 2252(a) should be interpreted so as to avoid multiplicity of suits. It is true that multiplicity of suits should be avoided at all costs, but not at the expense of order and regularity. Nothing is gained by substituting confusion for multiplicity. The cause of justice is not advanced by tying the ends of litigation into an interminable succession of undisengageable knots. If Cardinale may bring in DiFrancesco as an additional defendant, arising out of a contract between Marple Township and Bridgmac, on the basis that DiFrancesco supplied defective concrete, why shouldn't DiFrancesco be allowed to bring in as additional defendants the people that supplied him with the concrete, and why then shouldn't the concrete manufacturer be permitted to add as defendants the people

who sold him the sand, and this being accomplished, what should hinder the sand suppliers from adding as still further additional defendants the people who dredged the sand up out of the bottom of the river? Even Jacob's ladder had a final rung.

In *Land Title Bank & Trust Co. v. Cheltenham National Bank*, 362 Pa. 30, this Court sapiently said: "The rule in question, like the original Act of April 10, 1929, P.L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant . . ."

This same issue was discussed by the Superior Court in the case of *Briskman v. Greenhill Farms of Lower Merion*, 186 Pa. Superior Ct. 482. There the plaintiffs sued the defendant corporation in assumpsit on a sale and construction contract entered into between the plaintiff and defendant. The defendant attempted to join as an additional defendant its former building superintendent on the basis that he had breached his employment contract with the defendant by the manner in which he had constructed the plaintiff's home. The Court held there was no privity between the plaintiff and the defendant's superintendent on the cause of action declared upon: "There may be liability on Bleakley because of the latent defects in an action by the original defendant against him. In this case, however, there was no showing of privity between plaintiff and the additional defendant, on 'the cause of action declared upon' by plaintiffs. For that reason the question of Bleakley's liability over to Greenhill on a contract to which plaintiffs were not a party, is not before us. The cause of action upon which an original defendant may bring in an additional defendant, invariably must be the cause

of action declared on by the plaintiff in the action against the original defendant."

As already indicated, DiFrancesco should have questioned the propriety of joinder by means of preliminary objections, instead of by a motion on the pleadings. In spite of this irregularity in pleadings, we affirm the position of the lower court that Cardinale's claim against DiFrancesco cannot be tried in the present cause of action.

Judgment affirmed.