## Altoona Central Bank and Trust Company *v.* American Casualty Company of Reading, Appellant.

Argued April 24, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert C. Haberstroh,* for appellant.

*Leo C. Mullen,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

A contractor defaulted on a construction contract. In this action, the owner and the financing agency sued the contractor's surety on the performance bond. The surety filed a third-party complaint to bring upon the record, as an additional defendant, the architect who allegedly issued certificates for work not performed in connection with the construction, or which had been inefficiently performed. The lower court sustained preliminary objections to this complaint from which order the surety appeals.

The action of the court below was correct. The architect was not a party to either the construction contract or the performance bond. The original action against the surety on the bond is not the same cause of action pleaded against the architect. Pa. R.C.P. No. 2252 permits the joinder of a person not a party to the action where he may alone be liable or liable over *on the cause of action declared upon in the original suit.* Individuals who may be liable on an unrelated cause of action may not be joined: *Steele v. Sheppard,* 402 Pa. 33, 165 A. 2d 666 (1960). Further, it is the cause of action actually declared upon that controls the right of joinder and not another cause of action which the plaintiff *might* have declared upon.

The case of *Prost v. Caldwell Store, Inc.,* 409 Pa. 421, 187 A. 2d 273 (1963) is inapposite. Therein the right of joinder was not involved.

Order affirmed.