## Gordon v. Leiber

*Reif & Simone*, for plaintiff.

*Samuel M. Brodsky*, for defendant.

*White & Williams*, for additional defendant.

SPAETH, J., November 30, 1964.—On April 17, 1964, plaintiff, Lee Gordon, filed a complaint in trespass, alleging that defendant, Harry Leiber, through his agent, servant, or employe, improperly applied dye to her scalp and hair, failed to give her a patch test before applying the dye, failed to supervise "said treatment," violated "various statutes . . . and ordinances . . . pertaining to the operation of beauty shops," created and failed to warn her of a dangerous condition, and failed to use due care under the circumstances. As a result, plaintiff alleges, some of her hair has fallen out, and she has suffered other injuries.

On May 8th, the sheriff returned a "Not-found" as to defendant. On May 12th, the complaint was reinstated, and on May 18th it was served on defendant. On June 19th, defendant filed a complaint against the

additional defendant, William J. Ferschke, Inc., averring that "the application of the . . . dye . . . was done in a good, careful and workmanlike manner," that ". . . any damages . . . [were] caused by the Revlon product used by the defendant and purchased from the additional defendant," that "the aforesaid Revlon product was inferior, defective and not fit for the purposes for which it was intended," and that "the additional defendant . . . is solely responsible . . . and . . . is alone liable for the cause of action declared upon by the plaintiff."

On July 20th, the additional defendant demurred to defendant's complaint and moved for a more specific complaint; it is these preliminary objections that are before the court.

### Discussion

The power to join an additional defendant is derived from Pennsylvania Rule of Civil Procedure 2252(a), which provides that "In any action the defendant . . . may . . . join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon . . ."

It has been stated that "The phrase 'alone liable . . . on the cause of action declared upon' should not be literally construed for no one but the original defendant can be liable upon the cause of action which the plaintiff declares against him": 3 Goodrich-Am., comment on §2252(a)-6, pp. 25-6.

The same commentary states, at pp. 26-7, that "The ground of sole liability to the plaintiff upon the cause of action declared upon should be satisfied by any facts which indicate that the harm of which the plaintiff complains has been caused by the conduct of the additional defendant.

". . . Joinder will not be permitted, however, when

the cause of action is so different that the admission of D2 to the action will result in the introduction of a complexity which would change the entire nature of the proceeding."

Application of these principles, and examination of cases arising under rule 2252(a), lead to the conclusion that defendant's complaint must be dismissed.

It is true that " 'One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose' ": Wnek v. Boyle, 374 Pa. 27, 32 (1953).

And from this it follows that the form of action, per se, is not dispositive of whether joinder is proper. See Pennsylvania Railroad Co. v. Myers, 67 D. & C. 430, 435 (C. P. Dauph. Co., 1949), and Moore v. Brady, 60 D. & C. 263, 266 (C. P. Lancaster Co., 1947). Nevertheless, in this case, plaintiff's cause of action is so clearly defined, and it depends upon a relationship between her and defendant so different from any relationship between her and the additional defendant, that despite a desire to avoid multiplicity of suits and a willingness to overlook procedural differences between trespass and assumpsit, joinder would be improper.

Different courts have enunciated different tests of whether to permit joinder, and perhaps they have reached differing results; but when the cases are sorted out, they support this conclusion.

Thus, in Radel v. Long, 19 D. & C. 2d 547 (C. P. Dauphin Co., 1959), the court repeated its earlier statement that the character of the actions involved is immaterial, and stated, at page 553, that "the test is whether the original defendant's complaint is related in substance to the complaint of plaintiff against defendant." This test was recognized in Hayden v.

Groff, 22 D. & C. 2d 654 (C. P. No. 5 Phila. Co., 1960), and joinder was permitted. In Radlbeck v. Miller, 12 Bucks 514 (1962), the court similarly expressed a broad view of "cause of action," and stated, at page 520, that "the disposition of the respective claims and contentions of all parties hereto, necessarily based on one common factual background, will [not] unduly complicate plaintiff's case." In Turberville v. West Penn Water Co., 60 D. & C. 557 (C. P. Washington Co., 1947), the court stated, at page 564, that "If plaintiffs have a direct right of recovery against additional defendants on the theory of the case proposed by original defendant, then the joinder is proper even though different negligence is charged as the cause of the damage to plaintiffs." (Although the initial part of this statement is in broad terms, it should be noted that the court confined its statement to cases where the complaints of both the original defendant and plaintiff alleged negligence.)

This approach, of considering the "substance" of the various parties' complaints, is reflected by other decisions.

For example, when plaintiff sues in trespass for negligence, and defendant alleges that the additional defendant is, because of his tortious conduct, alone liable for plaintiff's injuries, it is apparent that the policy of rule 2252(a) requires joinder, and joinder will be permitted. See Prost v. Caldwell Store, Inc., 409 Pa. 421 (1963), holding that where a builder negligently creates a hazard that "proclaims potential injury" to the public, he has committed a breach of noncontractual duty to the public, of which plaintiff is a member, as well as a breach of his contractual duty to defendant, and therefore can be joined as an additional defendant; Bonnyview Development, Inc. v. Lower Paxton Twp., 78 Dauph. 346, 348-52 (1962), pointing out that had plaintiff desired, it could have instituted an action in

trespass for negligence against the additional defendant, and Meloy v. Sears, Roebuck & Co., 42 Wash. Co. 204 (1962).

However, where plaintiff sues in assumpsit, and defendant seeks to join an additional defendant, but the contractual duty owed by the additional defendant is due only to defendant and not to plaintiff, joinder will not be permitted. See Marple Twp. v. Mar-Ann Holding Co., 404 Pa. 487 (1961), stating, at page 489, that, "It is true that multiplicity of suits should be avoided at all costs, but not at the expense of order and regularity"; Steele v. Sheppard, 402 Pa. 33, 35 (1960); Land Title Bank & Trust Co. v. Cheltenham Natl. Bank, 362 Pa. 30, 40-42 (1949); Josal, Inc. v. Rolling Park Homes, Inc., 195 Pa. Superior Ct. 646 (1961), dealing with the contention that additional defendant was "liable over" to defendant under rule 2252(a), and holding, at page 649, that "the additional defendant can be joined on the theory of liability over only if the plaintiff could have sued the additional defendant directly for the same injury for which he has sued the original defendant": Briskman v. Greenhill Farms of L. Merion, 186 Pa. Superior Ct. 482, 485-486 (1958); Tele-Tone National Corp. v. Sheftz, 77 D. & C. 459 (C. P. Del. Co., 1951); and Pennsylvania Railroad Co. v. Myers, supra.

Moreover, in a situation closer to that of this case, when an original defendant, in a trespass action, seeks to join an additional defendant, joinder will not be permitted, "if the additional defendant's liability is to the original defendant exclusively and is based solely upon a contract between them, [because] the additional defendant's liability does not relate to the 'cause of action declared on' by the [plaintiff's complaint] . . .": Prost v. Caldwell Store, Inc., supra, at 423. See also Wampler v. F. C. Haab Co., Inc., 401 Pa. 178, 180-81 (1960) (holding that the issue between defendant and ad-

ditional defendant was one of express indemnity) ; Volta v. Markovitz Bros., Inc., 351 Pa. 243 (1945) (the issue being whether additional defendant was "liable over" to defendant because of a breach of a service contract) ; Jones v. Wohlgemuth, 313 Pa. 388 (1934) (the contract in question being an indemnity contract) ; and Spear v. Monk, 23 D. & C. 2d 685 (C. P. No. 5, Phila. Co., 1961).

In this case, defendant's complaint, sounding as it does in assumpsit, not as a matter of form but in substance, bears no relationship to plaintiff's charges of specific negligence on defendant's part.

Plaintiff has alleged that her injuries were caused "solely by the carelessness and negligence of defendant, through its [sic] agent, servant or employee" in performing, or failing to perform, various acts; none of the acts, or omissions, has to do with whether the Revlon product was, as defendant alleges in his complaint against the additional defendant, "inferior, defective and not fit for the purposes for which it was intended"; and none of the acts, or omissions, concerns conduct by the additional defendant. Defendant contends that he, or his representative, was not negligent but a good workman, and that any responsibility for the accident must lie with the additional defendant. However, if defendant is able to prove good workmanship, he will be free of liability "on the cause of action declared upon." If joinder were permitted, there would, in effect, have to be two separate, though simultaneous, trials, one at which plaintiff would try to prove defendant negligent and defendant would try to prove good workmanship, and another at which defendant would try to prove that the Revlon product sold by additional defendant was defective in some way.

As the Supreme Court remarked in Steele v. Sheppard, supra: "We are clearly dealing with two separate causes of action, and to allow the contemplated

joinder would . . . complicate and confuse the litigation."

Defendant asserts that his complaint "does allege negligence on the part of the additional defendant and that the breach of warranty doctrine is applicable in the instant case." Assuming that this language means that defendant asserts that his complaint is based on averments of negligence, it might be sufficient to answer that an examination of the complaint shows otherwise. Thus, it has been held that "While there is a distinct tendency toward relaxation of the strictness of the common law as regards pleadings, a plaintiff cannot successfully maintain an action in one form by averring facts establishing a valid cause of action if properly brought in another form. It is immaterial that the damages recoverable might be identical." * : Loch et ux. v. Confair, 361 Pa. 158, 162-63 (1949).

But, such a holding is not necessary, for even if defendant's complaint is, in some way, interpreted as averring negligence on the part of additional defendant, such negligence has nothing to do with plaintiff's cause of action as defined by plaintiff's complaint.

Thus, we return, admittedly by a rather long road, to the test laid down in 3 Goodrich-Am., pp. 26-27, quoted above, that facts should be alleged "which indicate that the harm of which the plaintiff complains has been caused by the conduct of the additional defendant", and that even then, "Joinder will not be permitted . . . when the cause of action is so different that . . . complexity [will result] which would change the entire nature of the proceeding." Since defendant's complaint meets neither of these tests, which are supported, as has been seen, by the cases, it must be dismissed.

The parties have argued other points, particularly

---

* Cf. Maitland's comment that "The forms of actions we have buried, but they still rule us from their graves."

490

whether there was privity between plaintiff and additional defendant. Whether there was such privity need not be decided. Had plaintiff alleged a defect in the Revlon product, she might have been able to claim against the distributor of the product, and that claim might have been sufficiently related to her claim against defendant to warrant joinder, within the cases discussed above. However, she has not alleged any defect in the product.

Therefore, the court now enters the following decree nisi:

### Decree

And now, November 30, 1964, additional defendant's demurrer to defendant's complaint is sustained and defendant's complaint is dismissed. Defendant may file an amended complaint within 15 days. If he does not, this decree shall be final.