Rodich *v.* Rodich, Appellant.

Argued March 17, 1966.  Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold F. Reed, Jr.,* with him *Robert L. Orr,* and *Reed, Orr & Reed,* for appellant.

*Lee E. Whitmire, Jr.,* with him *Whitmire & Mannix,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 19, 1966:

Joan Rodich was a passenger in a vehicle operated by her brother, Milo Rodich.  The vehicle went off the highway and collided with a tree and Joan suffered personal injuries. She filed an action of trespass against Milo.

Daniel Rodich, a brother of Joan and Milo, went to the scene of the accident and the vehicle which he was driving failed to make the same curve which Milo had failed to turn, resulting in Daniel's vehicle leaving the highway and striking the vehicle of Milo, in which Joan was still seated.*  Joan filed a second action of tres-

---

* The opinion of the court below indicates that the striking of Milo's vehicle by Daniel's occurred some 40 minutes after Milo's

pass, this one against Daniel, to recover damages resulting from the collision between Daniel's vehicle and Milo's.

Milo filed a complaint, seeking to join Daniel as an additional defendant in the action of Joan against Milo. Daniel filed preliminary objections to the complaint, seeking to join him as an additional defendant, and the court below sustained the preliminary objections and dismissed the additional party complaint on the ground that the attempted joinder constituted a misjoinder of causes of action. The court, at the same time, ordered the two separate trespass actions of Joan v. Milo and Joan v. Daniel to be consolidated for trial before the same jury. Milo appeals from the order of the court below, sustaining Daniel's preliminary objections and dismissing Milo's additional defendant complaint against Daniel.

The court below acted properly in sustaining the preliminary objections. Pa. R. C. P. 2252 permits the joinder of a person not a party to the action where he may alone be liable or liable over *on the cause of action declared upon in the original suit.* In the instant case, two separate incidents occurred and two separate actions are pending for the resolution of the issues arising from the two separate occurrences. Each of the separate defendants should be responsible for damages which resulted from his negligence, if any.

The causes of action sought to be joined are separate and unrelated and, as such, may not be joined. *Altoona Gen. B. & T. Co. v. Am. Cas. Co.,* 415 Pa. 39, 202 A. 2d 29 (1964); *Steele v. Sheppard,* 402 Pa. 33, 165 A. 2d 666 (1960).

Order affirmed.

---

vehicle struck the tree. From the record before us, we cannot determine what the time interval was, but it is clear that the collision between the two vehicles occurred subsequent to the collision between Milo's vehicle and the tree.