## Mallesky *v.* Stevens, Appellant.

Argued September 28, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herbert B. Lebovitz*, with him *Lebovitz & Lebovitz*, for appellant.

*James F. Manley*, with him *Burns, Manley & Little*, for appellee.

OPINION BY MR. JUSTICE JONES, November 14, 1967:

In the Court of Common Pleas of Allegheny County, Elizabeth Mallesky and Michael Mallesky, her husband (Malleskys), instituted a trespass action against Ernest A. Stevens (Stevens) for personal injuries sustained by Elizabeth Mallesky and property damage inflicted on the Mallesky home, allegedly, as the result of a motor vehicle, owned and operated by Stevens, striking the Mallesky home in the early morning of October 9, 1964. Stevens then filed a complaint to bring upon the record, as an additional defendant, Andrew

Hritz, Jr. (Hritz) who, allegedly, also struck the Mallesky home with his motor vehicle in the early morning of October 9, 1964. Hritz, after taking certain depositions, moved for a summary judgment under Pa. R. C. P. Rule 1035. The court below granted this motion for summary judgment and dismissed Hritz from the proceedings. From the judgment so entered the instant appeal was taken.

Rule 1035, in pertinent part, provides as follows:[1] "(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is Hritz's theory that the Mallesky-Stevens action is based upon a cause of action different from the cause of action in the Stevens-Hritz action. According to the complaint in the Mallesky-Stevens action, at the time and place of the accident the Stevens motor vehicle left the highway and struck the Mallesky home and, according to the complaint in the Stevens-Hritz action, Hritz's motor vehicle left the highway and struck the Mallesky home. The record indicates that, if the Mallesky home was struck by the Stevens motor vehicle, such event took place prior to the striking of the Mallesky home by the Hritz vehicle, if the latter did strike the Mallesky home.

---

[1] Adopted by this Court on April 18, 1966, to become effective May 9, 1966.

Elizabeth Mallesky was deposed and, in her deposition, stated that she saw the Hritz motor vehicle "came around the turn on Green Springs Avenue, he come down and through the yard, about the same course as the first car did" but she stated that the Hritz motor vehicle did not strike her home. Stevens, although empowered to do so under Rule 1035 (b), supra, did not take any depositions or serve any opposing affidavits. The court below, pursuant to Rule 1035 and upon the deposition of Elizabeth Mallesky, entered the judgment of which Stevens now complains.

We have presented herein a situation in which two *separate* accidents occurred in one of which Stevens' motor vehicle was involved and in the other the Hritz motor vehicle was involved and, although the time which elapsed between the happening of each incident was very short, each constituted a separate and distinct incident.

The court below, in entering the summary judgment, relied upon *Rodich v. Rodich,* 421 Pa. 154, 218 A. 2d 816 (1966). Pa. R. C. P. Rule 2252(a) permits the joinder of "any person not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon or jointly or severally liable thereon with him.*" (Emphasis added). In *Rodich,* supra, we said: "In the instant case, two separate incidents occurred and two separate actions are pending for the resolution of the issues arising from the two separate occurrences. Each of the separate defendants should be responsible for damages which resulted from his negligence, if any." (p. 156) While Malleskys, insofar as the instant record indicates, have not instituted a trespass action against Hritz, it is clear beyond question that the cause of action in Mallesky-Stevens and the cause of action in Mallesky-Hritz are unrelated causes of action and the cause of action declared upon in the instant case is not the same cause as de-

clared in Mallesky-Stevens. Cf. *Altoona Central Bank & Trust Co. v. American Casualty Co, etc.,* 415 Pa. 39, 202 A. 2d 29 (1964); *Prost v. Caldwell Store, Inc.,* 409 Pa. 421, 187 A. 2d 273 (1963); *Steele v. Sheppard,* 402 Pa. 33, 165 A. 2d 666 (1960).

It is well settled that a summary judgment upon the pleadings should not be entered unless the case is clear and free from doubt: *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858 (1952). Upon the instant record, it is clear that the causes of action are separate and unrelated and that the entry of a summary judgment by the court below was entirely proper.

Judgment affirmed.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I agree that summary judgment was properly granted but so conclude for a reason differing from that of the majority. Rule 1035(b) governing summary judgments mandates that such judgment should be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The deposition of Mrs. Mallesky clearly stated that the Hritz vehicle did not strike her home and in fact, to a point some thirty feet in front of her house, tracked the passage carved by Stevens' automobile. Simply, no damage was done to the persons or property of the Malleskys by the Hritz automobile.[1]

It is elementary that, no matter how grave a defendant's negligence, defendant's conduct must have resulted in damage to plaintiff. Since it is obvious from

---

[1] Stevens' brief states the question here involved as follows: "May an additional defendant in a trespass action be dismissed from the said proceedings and his Motion for Summary Judgment be granted *solely on the depositions of the wife-plaintiff, which absolves the additional defendant from liability?*" (Emphasis supplied.)

a reading of Mrs. Mallesky's deposition that the Hritz car created no compensable injury, there was no genuine issue as to any material fact and Hritz was entitled to summary judgment as a matter of law.

Our Rule 1035(b) is in all material particulars identical to Rule 56(c) of the Federal Rules of Civil Procedure. Reference to federal cases is therefore appropriate and clearly supports this result. For a number of years the Third Circuit Court of Appeals followed what Professor Moore has termed the "unfortunate"[2] rule that affidavits or depositions could not penetrate well pleaded allegations. See, e.g., *Frederick Hart & Co. v. Recordgraph Corp.*, 169 F. 2d 580, 581 (3d Cir. 1948). This doctrine nullified one of the prime purposes of a summary judgment proceeding— to pierce the pleadings. Therefore, in 1963, Federal Rule 56(e) was amended to state: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." This amendment was incorporated verbatim into our Rule 1035(d).

Stevens could thus not rely upon allegations in his third-party complaint that Hritz had also caused damage to the plaintiffs and was compelled, upon penalty of summary judgment, to support his allegations by affidavit or otherwise. The trial court was required to conclude that the Hritz vehicle was not responsible for any of the damage claimed in the Mallesky complaint and properly granted summary judgment.

---

[2] 6 Moore, Federal Practice ¶56.15[1.--03] (1965).