## Flick v. Lorence

*Leo M. Stepanian*, for plaintiffs.
*Norman D. Jaffe*, for defendants.
*Leo C. McCandless*, for additional defendant.

ACKER, J., April 24, 1968.—The matter for determination is whether the motion to strike the attempt at joinder of an additional defendant should be sustained. The answer must be "yes". The action is in assumpsit, claiming $8,400 by plaintiff property owners against defendants, who executed a written agreement of sale for real property in the City of Butler. Defendants answer that subsequent to the agreement of April 12, 1967, they discovered that there was, in fact, no new wiring as represented to them by plaintiff's real estate agent through his employe, Phyllis D. Holt. In addition to their answer, defendants filed a complaint against Carl E. Shields,

realtor, trading and doing business as Carl E. Shields & Company, alleging that, while the house was being displayed for sale, his saleslady orally represented to the original defendants that the dwelling was completely furnished with new electrical wiring, which was, in fact, a misrepresentation. Defendants further claim that, in complete reliance upon this misrepresentation, they entered into the written agreement for the purchase of the dwelling. The additional defendant challenges this attempted joinder by preliminary objection.

The right to join an additional defendant is controlled by Pennsylvania Rule of Civil Procedure 2252. There it is stated that an additional defendant may be joined if he alone is liable or liable upon the cause of action declared, or if he be jointly or severally liable with defendant. It is clear that individuals who may be liable on an unrelated cause of action may not be joined: Altoona Central Bank and Trust Company v. American Casualty Company of Reading, 415 Pa. 39 (1964).

It is also recognized that the phrase "cause of action declared upon" is to be liberally construed. Our cases have interpreted this phrase to mean that the additional defendant can be joined on the theory of liability over only if plaintiff could have sued the additional defendant directly for the same injury for which he has sued the original defendant: Josal, Inc. v. Rolling Park Homes, Inc., 195 Pa. Superior Ct. 646, 649 (1951).

Interestingly, although defendant in his complaint to join additional defendant alleges that the additional defendant "is solely responsible to the plaintiff, and therefore, further avers that the said additional defendant is alone liable to the plaintiff for the cause of action declared upon by them", he joins the additional defendant ". . . to protect their right of contribu-

tion, in the event that it is judicially determined that the defendants and the additional defendant are jointly or severally liable to the plaintiff. . . .": Paragraphs VIII and IX of complaint to join additional defendant.[1]

The cause of action declared upon by plaintiff is based on a written agreement subsequently orally amended from $8,600 to $8,500 for the purchase price of a residence.

If plaintiffs prevail before a jury, it must be because the jury fails to accept the defense of misrepresentation. Conversely, if plaintiff fails to secure a verdict by a jury due to the acceptance by that jury of the alleged misrepresentation, no damages would be awarded. Therefore, in either event, a verdict for plaintiff or a verdict for defendant, there could not be any contribution or obligation on the part of the additional defendant.

In addition, however, the cause of action sued upon by plaintiff under the agreement of sale is not the same cause of action alleged by defendant against the additional defendant for misrepresentation. Although it is recognized that a master may join his servant as an additional defendant,[2] this action is an effort to require a joinder of a person with whom defendant had no contractual relationship. Defendants' suit against the additional defendant is founded in tort for deceit, while that of plaintiff is in assumpsit. The prohibition against the joinder of a distinct and unrelated claim precludes the joinder of a person liable upon a tort claim by defendant in an assumpsit action: 4A Anderson Pa. Civ. Pract., §2252.16, at page 20.

[1] For the purpose of this opinion, it is assumed to prevent serial objections that the additional defendant is joined as if solely liable, liable over to defendant, jointly or severally, all of which are permitted by Pa. R. C. P. 2252(d).

[2] Koontz v. Messer, 320 Pa. 487 (1935).

The cases which hold that a joinder is improper where the claim against the additional defendant is distinct from, and unrelated to, the claim against defendant are legion in number.[3] The court is not unmindful of the right to join an additional defendant in actions where the liability is not solely upon a contract right, but also on a duty owed to the public as a result of a negligent act: Prost v. Caldwell Store, Inc., 409 Pa. 421 (1963), is such a case.[4]

Defendant relies heavily upon Philadelphia v. Kelly, 78 D. & C. 445 (1951). This action was to quiet title,

---

[3] Several such cases are Land Title Bank and Trust Company v. Cheltenham National Bank, 362 Pa. 30 (1949), where a notary public who falsely certified the forged signatures and the surety on a bond were not permitted to be joined as additional defendants; Steele v. Sheppard, 402 Pa. 33 (1960), where the plaintiff's cause of action was based upon a lease, but the additional defendant was attempted to be joined upon an employment agreement; Josal v. Rolling Park Homes, Inc., supra, where a contract between an additional defendant and defendant to which plaintiff was not a party was not a sufficient basis to permit a joinder of the additional defendant; Altoona Central Bank and Trust Company v. American Casualty Company, supra, where a surety on a performance bond filed a third-party complaint to bring as additional defendant upon the record an architect who allegedly issued certificates for work, which was held to be an improper joinder; Marcello and Brown v. Farrell, 420 Pa. 641 (1966), per curiam upon opinion of McKay, P. J., at June term, 1965, nos. 33 and 34, in the Court of Common Pleas of Mercer County, Pa., where the attempted joinder of an architectural firm was held improper for property damage due to overflow of sewers, where it was alleged that the city relied upon the architects' certification and that the architects had the duty of inspection prior to turning the facilities back to the city.

[4] The Post case, supra, is held inapposite in Altoona Central Bank and Trust Company v. American Casualty Company, supra. A discussion of Pennsylvania's efforts to follow the MacPherson rule, eliminating the requirement of privity in tort actions for damages as to defective products, is found in the concurring and dissenting opinion of Mr. Justice Jones, in Miller v. Preitz, 422 Pa. 383, at page 402 (1966).

being a proceeding against defendant to determine the quality of certain municipal claims which the use-plaintiff had filed against the property purchased at sheriff sale subsequent to its sale. Defendant joined the city as an additional defendant, claiming that by statute the city was required to get title insurance and give notice to all interested parties to show cause why the property could not be sold free and clear. The city failed to comply in that it did not notify the present claimant of its efforts to sell the land free and clear. The claims were for paving. The court held that the joinder was proper. It is the position of defendant in the instant case that in that the additional defendant caused the situation to exist, resulting in their refusal to go through with the transaction just as in the Philadelphia v. Kelly case, supra, the municipality brought about the loss by failing to comply with the statute. It is apparent that there is a material distinction in the cases, for under the Philadelphia case, there was a statute which required plaintiff to take affirmative action to protect an innocent purchaser. In the present case, plaintiff engaged a real estate agent, who normally would be operating as an independent contractor, for which plaintiff would not be responsible. It is rather believed that the factual situation is closer to Greller v. Hortter Building Corporation, 198 Pa. Superior Ct. 32 (1962), where an attempted joinder was found to be improper upon an effort by defendant, who was sued for breach of a general warranty in a deed given by defendant to plaintiff and subsequently attempted a joinder of a title company as an additional defendant on the basis that the latter had undertaken to examine and search the title which it had failed to properly perform.

Wherefore, this court is of the opinion that the joinder is improper.

## ORDER

And now, April 24, 1968, it is hereby ordered and decreed that the preliminary objections to the complaint to join an additional defendant are granted and that the additional defendant, Carl E. Shields, trading and doing business as Carl E. Shields & Company, Realtors, is stricken from the record.