## Sikorsky v. Reserve Insurance Company

*Martin H. Philip,* for plaintiff.

*Theodore J. Zeller, Jr., Butz, Hudders & Tallman,* for defendant.

*Kolb, Holland, Antonelli & Heffner,* for additional defendant.

WIEAND, J., June 3, 1969.—This action in assumpsit is based on a policy of insurance. The complaint alleges that defendant, Reserve Insurance Company, issued a policy affording collision coverage upon a vehicle owned by plaintiff, Frank Sikorsky. The vehicle, it is alleged, was damaged in the amount of $3,325 as a result of a collision. Defendant has refused to pay the loss.

When suit was started by plaintiff, defendant caused Toensmeier Adjustment Service, Inc., to be joined as an additional defendant. Averring an improper joinder, Toensmeier has filled preliminary objections which are now before the court for disposition.

Pennsylvania Rule of Civil Procedure 2252(a) permits a defendant to ". . . join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, . . " If the cause of action alleged against additional defendant is not the same as the cause of action alleged by plaintiff, joinder must be denied: Altoona Central Bank and Trust Company v. American Casualty Company of Reading, 415 Pa. 39; Steele v. Sheppard, 402 Pa. 33.

As we have already observed, plaintiff's cause of action rests upon a contract of insurance. Defend-

ant's complaint against additional defendant alleges that Toensmeier attempted to adjust plaintiff's collision loss improperly and without authority to do so. Because of misrepresentations made by Toensmeier during its attempt to adjust plaintiff's loss, it is alleged, plaintiff has been led to make a claim for an amount in excess of his actual loss. Consequently, plaintiff and defendant have been unable to agree upon the amount to be paid. Because of its improper conduct, defendant urges, Toensmeier should be compelled to pay any amount recovered by plaintiff in excess of $1,074.94, this being the correct amount alleged by defendant to be due.

We do not consider the merits of defendant's cause of action against additional defendant. Suffice it to say for present purposes that it is not the same cause of action declared upon by plaintiff. As such, the joinder is improper.

In Steele v. Sheppard, supra, the cause of action declared upon by plaintiff was the violation of the terms of a lease. The joinder of an additional defendant who had failed to perform a contract of employment with defendant was held to be improper and was stricken. The facts in that case are sufficiently analogous to require a striking of the joinder in this case.

## ORDER

And now, June 3, 1969, it is ordered that additional defendant's preliminary objections in the nature of a motion to strike defendant's complaint be and they are hereby sustained, and the joinder of Toensmeier Adjustment Service, Inc., as an additional defendant is stricken.