## Orth v. D. & C. Spinosa Company

*Edward H. McGee,* for plaintiffs.
*W. Hamlin Neely,* for defendant.
*Robert H. Jordan,* for additional defendant.

WIEAND, J., July 14, 1970.—In this action of assumpsit plaintiffs, Earl F. Orth and Loisann Orth, husband and wife, seek to recover damages from D. & C. Spinosa Company, a sewer contractor. On or about May 9, 1966, it is alleged, defendant was engaged in installing sewer lines in the street in front of plaintiffs' property pursuant to a contract between defendant and Salisbury Township. During the early morning of May 10, 1966, a backhoe owned by defendant sank into a newly filled excavation, causing a fracture of the water main and the escape of large quantities of water, with resultant damage to plaintiffs' dwelling. Plaintiffs' cause of action is predicated upon a clause in defendant's contract with the township whereby defendant agreed to "be responsible for all damages and assume all expenses for direct or indirect injury caused by his work."

Defendant joined Holly-Jon Equipment Company as an additional defendant, alleging that the latter had negligently moved the backhoe from a position of safety to a point where it caused a collapse of the back-filled trench. The additional defendant, according to defendant's complaint, was an independent contractor who had been engaged to service or repair defendant's backhoe.

Additional defendant has filed preliminary objections and urges the court to strike the joinder because of a lack of privity between plaintiffs and additional defendant. Not only can there be no contractual liability to plaintiffs, it argues, but any liability over to defendant would be on a cause of action entirely different than the one declared upon by plaintiffs.

Prior to September 1, 1969, Pa. R.C.P. 2252(a) permitted a defendant to join as an additional defendant any person who was alleged to be alone liable or liable over to defendant on the cause of action declared upon or jointly or severally liable thereon with

him. The courts repeatedly construed this rule in a manner which limited the joinder of an additional defendant to instances where the cause of action against the additional defendant was the same as the cause of action alleged by plaintiff against defendant. Order and regularity were accorded priority over the desirability of avoiding a multiplicity of suits: Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30; Steele v. Sheppard, 402 Pa. 33. Eventually, it became apparent, however, that an easing of this restriction was not only desirable but entirely feasible without jeopardy to orderly procedure.

Therefore, effective September 1, 1969, Pa. R.C.P. 2252(a) was amended to provide as follows:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" (Italics supplied.)

We agree with the additional defendant that the cause of action alleged by defendant against the additional defendant is not the same cause of action declared upon by plaintiffs. The gist of plaintiffs' cause of action is that they are third-party beneficiaries to the contract between the township and defendant. The additional defendant is not a party to that contract. There is no privity between plaintiffs and additional defendant: Briskman v. Greenhill Farms of Lower Merion, Inc., 186 Pa. Superior Ct. 482. The cause of action asserted by defendant

against the additional defendant is based upon unauthorized and negligent acts committed by the additional defendant while making repairs to defendant's equipment.

Although the causes of action are different, we find that they arise out of the same occurrence or series of occurrences. Joinder in such a case is now proper. If plaintiffs are able to establish defendant's liability in this litigation, defendant can then assert its claim that the additional defendant is liable over to it. This can be accomplished without sacrificing orderliness and will avoid the necessity of a second suit.

The additional defendant suggests that plaintiffs' cause of action is based on contract, whereas defendant's cause of action against the additional defendant sounds in tort. Suffice it to say that we do not find in the amended rule the limitation which the additional defendant would have us impose; nor do we foresee in such joinder any trial difficulties that will not be obviated by appropriate jury instructions.

Finally, the additional defendant relies on this court's decision in Skyline Builders, Inc. v. Kellar, an unreported opinion filed to September term, 1969, no. 330. That was an action against an attorney based on his alleged failure to discover certain defects in a title to real estate which he was employed to examine. He attempted to join as additional defendants those remote grantors in the chain of title who had conveyed by general warranty deed. The court disallowed the joinder. Defendant's cause of action against the additional defendant was not the same cause of action declared upon by plaintiff, and it did not arise out of the same occurrence or transaction or series of occurrences or transactions on which plaintiff's cause of action was based. It was entirely separate from the cause of action asserted by plaintiff and foreign to the

transaction giving rise thereto. The Skyline case, therefore, is neither apposite to the present joinder nor controlling of its propriety.

### ORDER

And now, July 14, 1970, it is ordered that the additional defendant's preliminary objections to defendant's complaint be and the same are hereby dismissed. The additional defendant is granted a period of 20 days from and after service of a copy of this order upon its attorney for the filing of such answer as it may choose to file.