498 A.2d 928

DERRY TOWNSHIP SCHOOL DISTRICT

v.

DAY & ZIMMERMAN, INC. and Suburban Roofing Co., Inc. and Owens-Corning Fiberglas Corp.

Appeal of DAY & ZIMMERMAN, INC.

Superior Court of Pennsylvania.

Argued April 30, 1985.

Filed Sept. 13, 1985.

488

Kevin J. Conners, Philadelphia, for appellant.

Clyde W. McIntyre, Harrisburg, for Derry, appellee.

Francis X. Clark, Norristown, for Suburban, appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

ROBERTS, Judge:

Derry Township School District (the District) filed a complaint against appellant Day & Zimmerman, claiming that appellant was responsible for damages resulting from preparation of defective specifications for planned roof repairs and breach of its contract to plan and supervise those roof repairs. Appellant filed a third-party complaint against appellee Suburban Roofing Co., Inc., the contractor hired to perform the repairs. On this appeal, appellant challenges the trial court's order sustaining appellee's preliminary objections and dismissing the third-party complaint for improper joinder of appellee under Pa.R.C.P. 2252(a). Because we believe the trial court misconstrued relevant authority in interpreting this rule, we reverse and remand with directions.

The District contracted with appellant, an engineering firm, to prepare specifications for and to supervise a reroofing project planned for one of the District's school buildings. After the specifications were prepared, the District solicited bids for the actual roofing work. Appellee was low bidder, and consequently was awarded the roofing contract.

Several weeks after appellee began work, appellant determined that appellee was not performing the work in accordance with the specifications. On appellant's recommendation, the District issued a stop work order. Appellee and the District ultimately agreed to submit the question of appellee's compliance with the specifications to common law arbitration. One of appellant's engineers testified at the arbitration hearings, but appellant played no further role in them.

The arbitrators found the work stoppage to have been capricious, ordered the District to pay appellee damages caused by the stoppage, and directed the District to allow the contract work to be completed. No attempt was made by appellee or the District to appeal the award.

The District then filed a complaint against appellant that contained both trespass and assumpsit counts. The trespass count was based on allegations that appellant was negligent in advising the District to issue the stop work order, in preparing inadequate plans and specifications, and in improperly supervising the roofing work. The assumpsit count alleged that appellant breached its contractual obligations to the District by improperly preparing the specifications.

Appellant promptly filed third-party complaints against appellee and Owens-Corning Fiberglas Corp., manufacturer of certain materials used in the roofing project. See Pa.R. C.P. 2252(b) (allowing joinder of nonparties as additional defendants by filing third-party complaint). The third-party complaint filed against appellee contained counts in trespass, assumpsit, and strict liability. Each count averred that appellee was alone liable to the District, or jointly and severally liable to the District, or liable over to appellant for contribution and/or indemnity, and was based on general allegations that any problems with the roof were attributable solely to appellee's negligent workmanship and failure to conform its work to the specifications drawn by appellant. The only damages sought were contribution and/or indemnity should appellant be found liable to the District.

Appellee responded with preliminary objections, seeking to dismiss the third-party complaint or, in the alternative, to obtain a more specific pleading.[1] The trial court concluded that joinder of appellee was improper in the circumstances of this case, sustained appellee's preliminary objections, and dismissed the third-party complaint. Appellant takes the present appeal from that dismissal.

Appellant raises four arguments in support of its contention that joinder of appellee was proper: 1) appellant's contract with the District gave appellant the right to recover for appellee's breach of its contract with the District as a

1. Owens-Corning Fiberglas Corp. filed no preliminary objections to the third-party complaint filed against it, and is not a participant in the present appeal.

third-party beneficiary; 2) the arbitration award in favor of appellee does not collaterally estop appellant from alleging appellee's negligence and breach of contract; 3) appellant may assert strict liability pursuant to section 402A of the Restatement Second of Torts as a basis for a claim of contribution or indemnity against appellee; and 4) the trial court erred in its interpretation of Pa.R.C.P. 2252(a). Though we find that appellant is entitled to relief based on issue 4, and ordinarily would not reach appellant's other arguments, we will also address issue 2 briefly, because appellee's position on that issue arguably constitutes a proper ground for affirmance. See, e.g., *Concord Township Appeal*, 439 Pa. 466, 469, 268 A.2d 765, 766 (1970) (appellate court may affirm court of original jurisdiction on any proper ground).

█ Appellee insists, as it has insisted since its joinder, that the arbitrators' determination that the work stoppage was unwarranted collaterally estops appellant from bringing its third-party claim. Collateral estoppel may be asserted by a party to bar a claim based on an issue litigated in a previous action if 1) the issue underlying the claim is identical to the one previously litigated; 2) final judgment in the previous action was rendered on the merits of the issue; 3) the party against whom the estoppel is asserted was party to the previous action, or in privity with such a party; and 4) the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the previous action. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). Appellant and appellee vigorously dispute whether the last two factors are present in the case before us. We agree with appellant that they are not.

█ Appellee claims that the contractual relationship between appellant and the District suffices to establish privity for purposes of collateral estoppel. Appellee points to nothing in the record, however, that establishes that this contract gave appellant a "mutual or successive" relationship to rights of the District that were the subject of the

arbitration, see *Central Pennsylvania Lumber Co. v. Carter*, 348 Pa. 429, 432, 35 A.2d 282, 283 (1944). Privity, therefore, remains unestablished.

As for the requirement of a full and fair opportunity to litigate the prior action, our courts have held that a party may be bound by a judgment in future proceedings if it possessed the right to control the original litigation and to take an appeal, *Albert v. Lehigh Coal & Navigation Co.*, 431 Pa. 600, 613–14, 246 A.2d 840, 846 (1968), or if it is found to have actually exercised such control, *Williams v. Lumbermen's Insurance Co. of Philadelphia*, 332 Pa. 1, 5–6, 1 A.2d 658, 660–61 (1938). Appellee can attribute no such right or exercise of control to appellant; by its own admission, appellant's only role in the arbitration proceedings was to provide testimony in support of the District's position. Consequently, we conclude that appellant's third-party complaint, if otherwise proper, is not barred by collateral estoppel.

■ We now turn to appellant's argument concerning the propriety of its third-party complaint under Pa.R.C.P. 2252(a). Appellant argues that the trial court construed the rule too narrowly, and that joinder is proper if the rule is construed in accordance with precedent. We agree.

Rule 2252(a) provides in pertinent part:

In any action the defendant ... may ... join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joining party arising out of the transaction or occurrence or series of transactions or occurrences *upon which the plaintiff's cause of action is based.*

Pa.R.C.P. 2252(a) (emphasis added). Correctly defining what is meant by "the plaintiff's cause of action" is essential to proper application of the rule.

The trial court stated that the District's cause of action against appellant was for defective design, and that appellant's cause of action against appellee was for contribution or indemnity, based on appellee's improper performance of its contractual duties to the District. Since appellee had nothing to do with appellant's contract to provide specifications, the court found appellant's third-party complaint to be based on a cause of action entirely separate from that alleged by the plaintiff, and therefore found joinder to be precluded by Rule 2252(a). In other words, the trial court equated "the plaintiff's cause of action" with its theory of recovery. In this respect, the court erred.

Case law has defined "the plaintiff's cause of action" to mean "damages or injuries" for which the plaintiff seeks recovery. *Staub v. Southwest Butler County School District*, 263 Pa.Super. 413, 421, 398 A.2d 204, 207 (1979), *aff'd*, 489 Pa. 196, 413 A.2d 1082 (1980). Here, the District's injury is alleged financial loss stemming from a defective roof. The District's complaint attributes the roof's defects to improper specifications while the appellant's third-party complaint attributes the defects to noncompliance with the specifications and negligent workmanship by appellee. Thus, the third-party complaint is predicated on the same "series of occurrences" as those underlying the plaintiff's claim for relief—the disputed set of circumstances whose result was to leave the District with a defective roof. See *Extrudo Film Corp. v. Beck Electric Construction, Inc.*, 220 Pa.Super. 164, 165–67, 286 A.2d 687, 688–89 (1971) (en banc) (manufacturer of inoperative transformer properly joined by installer, even though plaintiff's complaint as amended alleged only that the transformer failed due to installer's improper installation).[2]

**2.** It is, of course, of no consequence to our holding that the arbitrators' award might bar the District from recovering from appellee for improper performance of its roofing contract under res judicata principles. Joinder of a third party based on a right of contribution is proper even if the plaintiff is barred from recovering from the third party. See *Daly v. Buterbaugh*, 416 Pa. 523, 536, 207 A.2d 412, 417–18 (1964); *Shaull v. A.S. Beck New York Shoe Co.*, 369 Pa. 112, 115–16, 85 A.2d 698, 701 (1952).

*Stokes v. Loyal Order of Moose Lodge No. 696*, 502 Pa. 460, 466 A.2d 1341 (1983), does not compel a contrary result, as the trial court believed. In *Stokes*, the plaintiff sued the defendant for personal injuries she incurred when a chair on the defendant's premises collapsed while she was sitting in it. The defendant filed a third-party complaint against the plaintiff's general liability insurance carrier, seeking to be indemnified should it be found liable for the plaintiff's injuries. Id., 502 Pa. at 462, 466 A.2d at 1342. The Supreme Court found joinder to be improper. In doing so, it expressly approved the reasoning of a Common Pleas case that distinguished between indemnity based on a general liability policy and indemnity based on an express indemnity contract. Id., 502 Pa. at 467, 466 A.2d at 1344. We believe that the disposition in *Stokes* rests upon an implicit finding that the "damages and injuries" suffered by the plaintiff were separate from the injury suffered by the defendant due to the failure of the plaintiff's insurer to extend coverage, not upon the fact that the complaint and the third-party complaint in that case were based on different theories of recovery.

Appellee insists that *Mallesky v. Stevens*, 427 Pa. 352, 235 A.2d 154 (1967), supports dismissal of the third-party complaint. We disagree. First, *Mallesky* was decided under the previous version of Rule 2252(a), which did not permit joinder to be based on a cause of action held by the joining party that was based on the same transactions or occurrences as was that of the plaintiff. See id., 427 Pa. at 355, 235 A.2d at 155 (quoting previous version of Rule 2252(a)). Moreover, *Mallesky* would be distinguishable on its facts, even if it had been decided under the current version of the rule. In *Mallesky*, the plaintiffs sued defendant Stevens for damages that resulted when Stevens drove his car into their house. Stevens attempted to join Hritz, who allegedly drove his car into the plaintiffs' house shortly afterward, as a third-party defendant. The Supreme Court upheld dismissal of the third-party complaint because each of these accidents "constituted a separate and distinct inci-

dent." Id. The Court also observed, "[e]ach of the separate defendants should be responsible for damages which resulted from his negligence, if any." Id. (quoting *Rodich v. Rodich*, 421 Pa. 154, 156, 218 A.2d 816, 817 (1966)). Clearly, the plaintiffs' and the defendant's claims in *Mallesky* did not arise from the same "damages and injuries," unlike the claims in the case before us.

Appellant also argues that appellee's request in the alternative for a more specific pleading should not be granted because the original third-party complaint satisfies the specificity requirements of Pa.R.C.P. 2252(b). Because its disposition of the preliminary objections rendered this issue moot, the trial court declined to address this argument. Accordingly, we will do likewise, but we note that the parties may renew their arguments on this issue before the trial court on remand.

Order reversed, and case remanded with directions to reinstate appellant's third-party complaint against appellee. Jurisdiction relinquished.