## In Re: Upset Sale of Pike County Tax Claim Bureau

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Douglas J. Jacobs,* for petitioners.
*Randolph T. Borden,* for respondents.

THOMSON, JR., *P.J.,* September 18, 1985—

## FACTS

Respondents have made a motion for summary judgment. The case arises from petitioner's petition to upset a tax sale.

On November 17, 1982, the Pike County Tax Claim Bureau held a tax sale. One of the parcels sold for unpaid taxes was petitioner's land located in Lackawaxen Township, Pike County, Pa. Respondents, Frank R. Sargent, Sr. and Susan D. Terrick, purchased this piece of property for a bid of $146.53.

Petitioners argue that all notices of the impending sale were sent to the Stephen Buratovich Estate, c/o Stephen J. Broderick, 234 East 236th Street, New York, New York 10470. The notices were returned to the Tax Claim Bureau marked "Deceased." Petitioners further argue that the notice of September 10, 1982 failed to include the statutory warning and that the prospective purchasers did not adequately describe the property to be sold in their notice.

Respondents brought a motion for summary judgment, because, they believe the pleadings are closed, there is no issue as to any material fact and they are entitled to judgment as a matter of law. Respondents further contend that the tax sale was

confirmed nisi and no exceptions were filed. The deed was made out and recorded for respondents on March 2, 1983. An action to quiet title was brought by respondents and petitioners were served by publication pursuant to court order of June 28, 1983. Final judgment was entered on September 1, 1983 which bars petitioners from asserting any right, lien, title, or interest in the realty which is inconsistent with respondents' interest in the property.

However, on February 14, 1984, petitioners filed their petition for leave to file objections and exceptions to the tax sale of November 17, 1982. Respondents filed an answer and separate new matter. Petitioners never responded to the new matter. Therefore, respondents filed this motion for summary judgment.

## OPINION

The issue for court determination is whether or not respondents' motion for summary judgment should be sustained.

"Summary Judgment may only be granted when there is *no doubt* as to the material facts at issue." (Emphasis added.) Mallesky v. Stevens, 427 Pa. 352, 235 A.2d 154 (1967). In the instant case, petitioners initiated this action to upset the tax sale, because, they believe the tax sale was defective. Petitioners contend that adequate notice of the tax sale was not given as notices were sent to the Stephen Buratovich Estate in care of Stephen Broderick, who was also dead. The notices were returned, marked "Deceased." Petitioners believe that respondents should have been more diligent in their attempt to notify the heirs of the impending tax sale. Therefore, petitioners contend that all subsequent actions which were premised on the initial defective notice are invalid.

Respondents, however, argue that petitioners were properly served and, therefore, are barred from attacking the title by reason of the subsequent action to quiet title which constitutes the operation of res judicata and collateral estoppel. Respondents argue that proper notice was given as they followed the service procedures outlined in Rule 1064(c), ie.:

". . . if a defendant is dead or his identity or whereabouts is unknown, and an affidavit to that effect is filed, the plaintiff may serve the defendant by publication in such manner as the court by local rule or special order shall direct. When service is made by publication, the court, upon affidavit that the heirs and assigns of a named former owner are unknown, may permit publication against the former owner and his heirs and assigns generally." Therefore, respondents argue that because the service was proper, the subsequent judgment or action to quiet title was proper. It appears to the court that proper service was followed pursuant to 1064(c).

Respondents then sought a judgment or action to quiet title. This was granted by the court and because no exceptions were filed within 30 days, final judgment was then entered. This procedure is also in compliance with the rules of court, specifically Rule 1066.

Irrespective of the 30-day limitation for filing exceptions, set forth by Rule 1066 (b)(1), petitioners filed exceptions seven months later. Unfortunately, it appears that petitioners are forever barred from asserting any right or interest in the land inconsistent with the interest or claim of respondents because they far exceeded the permitted 30-day time limitation for filing exceptions as espoused by Rule 1066 (b)(1).

For these reasons, petitioners' claim is barred by respondents' action to quiet title. Therefore, no material facts remain at issue so respondents' motion for summary judgment may be granted.

Finally, with respect to petitioners' allegation of an improper warning, both the tax claim bureau notice of tax sales and the legal notice publication of the 1933 Tax Sale in the Pike County Dispatch, pursuant to Rule 1064 (c) relating to service, clearly typify the required warning.

### ORDER

And now, this September 18, 1985 respondents' motion for summary judgment is hereby sustained.