405 A.2d 524

Joanne TAGLIERI, Administratrix of the Estate of Guy M. Taglieri, Deceased

v.

LOGANSPORT MACHINE CO., INC., an Indiana Corporation, James M. Welch, an Individual, James J. Welch, an Individual, and James M. Welch and James J. Welch, t/d/b/a Welch Equipment Company, a Partnership

v.

G. Newton BOICE, M. D., McKeesport Hospital and Braddock General Hospital, Appellants.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Decided May 31, 1979.

James F. Israel, Pittsburgh, for appellant, Braddock General Hospital.

J. Jeffrey, Pittsburgh, for appellant, McKeesport Hospital.

Jerome W. Kiger, Pittsburgh, for appellant, G. Newton Boice, M. D.

Daniel M. Berger, Pittsburgh, for appellee, Joanne Taglieri, Admnx. etc.

John K. Heisey, Pittsburgh, for appellee, Logansport Machine Co., Inc.

No appearance entered nor brief filed for appellees Welch t/d/b/a Welch Equipment Company.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is a wrongful death and survival action filed by plaintiff's decedent. The complaint alleges a products liability claim against Logansport for defective manufacture of a machine which fell on decedent's left leg and foot while he was operating it at work. Decedent was treated at McKeesport Hospital by Dr. G. Newton Boice and released the same day. Three weeks later, physicians at Braddock General Hospital amputated decedent's left great toe. Eleven days later he died at Braddock of a massive pulmonary embolism. A year later plaintiff filed this lawsuit against Logansport in common pleas court and a claim against Dr. Boice and the two hospitals in the Arbitration Panels for Health Care pursuant to the Health Care Services and Malpractice Act, 40 P.S. § 1301.101 *et seq.* Logansport thereafter joined Dr. Boice and the two hospitals as additional defendants in common pleas, claiming indemnity on the basis of the plaintiff's claim before the Panel. The court below dismissed the additional defendants' preliminary objections to joinder. This appeal followed.

As we have recently held, when an original defendant who is neither a patient nor his representative brings a medical malpractice claim against a health care provider as an additional defendant, the court of common pleas maintains jurisdiction over the whole civil action. *Staub v. Southwest Butler County School District*, 263 Pa.Super. 413, 398 A.2d 204 (1979). The fact that plaintiff simultaneously filed, and now has pending, a malpractice claim before the Panel against the additional defendants does not deprive the court of common pleas of its jurisdiction.

Order affirmed.

HOFFMAN, J., files a concurring opinion.

HOFFMAN, Judge:

I concur for the reasons stated in my Concurring Opinion in *Staub v. Southwest Butler County School District*, 263 Pa.Super. 413, 421, 398 A.2d 204, 208 (1979). I also note that

because plaintiff has filed a claim before the Arbitration Panel, the malpractice claim will now be pressed by two different claimants in two different forums. A greater waste of judicial and medical resources cannot be imagined. If we are to remain wedded to the Arbitration Panels, then I repeat my call to the Legislature to amend the Health Care Services and Malpractice Act and require that all claims of medical malpractice must be tried before a Panel.