## Bunks v. Parkview Hospital

*Jerome E. Ornsteen*, for plaintiff.
*Abraham A. Leizerowski*, for defendants.

CAVANAUGH, *J.*, June 26, 1979—The matter presently before this court is defendant, Parkview Hospital's, preliminary objections to plaintiff's complaint. The specific issue at hand is whether jurisdiction over the instant action lies exclusively in the Health Care Services Malpractice Act of Oc-

tober 15, 1975, P.L. 390, sec. 103, as amended by the Act of July 15, 1976, P.L. 1028, sec. 1, 40 P.S. §1301.101 et seq. For reasons stated below, we will sustain defendant, Parkview Hospital's, preliminary objections and dismiss plaintiff's complaint.

Plaintiff's complaint alleges that plaintiff was injured while a patient in Parkview Hospital. The injury occurred while plaintiff was lying upon an x-ray table awaiting a liver scan, when the x-ray machine came into contact with him, causing the injuries which gave rise to this action. Plaintiff contends that the complaint sounds in negligence and/or products liability and hence jurisdiction lies in the court of common pleas. His theory, then, is that jurisdiction lies in the court of common pleas, if the word, "malpractice," is not used in the complaint. We believe that this position results from an overly restricted interpretation of the Health Care Services Malpractice Act. While the title of the act uses the word, "malpractice," it is clear from a reading of the statute that the act encompasses more than the classical malpractice type of case. The purpose of the act is outlined in 40 P.S. §1301.102, which reads:

"It is the purpose of this act to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of fair and reasonable compensation."

We note that the act covers torts or breach of contract and thus is broader in scope than the traditional malpractice case. It is evident that the defendant, Parkview Hospital, falls within the definition of a health care provider in section 1301.103. It

is then apparent from section 1301.309 that the medical malpractice arbitration panel has exclusive jurisdiction over this case.

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

This conclusion is based upon the specific language of the act as well as the broad intent. Original jurisdiction then lies with the medical malpractice arbitration panel over any action for damages arising out of a tort resulting from the furnishing of medical services by a health care provider. See sections 1301.102, 1301.309.*

### ORDER

And now, June 26, 1979, upon consideration of defendant, Parkview Hospital's, preliminary objections, the answer thereto, the briefs submitted thereon and oral argument, it is hereby ordered and decreed that defendant, Parkview Hospital's preliminary objections are sustained and plaintiff's complaint is dismissed as to Parkview Hospital.

---

*It also appears from 40 P.S. §1301.309 that the Medical Malpractice Arbitration Act has exclusive jurisdiction over all the defendants here, though they have not filed preliminary objections and so that issue is not before us. See Staub v. Southwest Butler City School District, _____ Pa. Superior Ct. _____, 398 A. 2d 204 (1979).