## Bost v. Pilling Company

*Arthur M. Harrison,* for plaintiff.
*John F. Naulty,* for defendant.
*Adrian R. King,* for additional defendants.

FRANKSTON, *Administrator,* February 7, 1980—This action was commenced in the Philadelphia County Court of Common Pleas with a complaint filed on April 29, 1977. The original defendant, Pilling Co., allegedly manufactured and sold to Philadelphia College of Osteopathic Medicine—Barth Pavilion (Philadelphia College) a defective set of forceps which broke during a surgical procedure being performed on plaintiff by Dr. John W. Sheetz, Jr. As a result, plaintiff suffered injuries which form the basis for this suit. Although Pilling Co. was the sole original defendant, plaintiff and Pilling Co. stipulated to the joinder of Philadelphia College and Dr. Sheetz as additional defendants. Following the filing of defendant's complaint joining them, additional defendants Philadelphia College and Sheetz filed preliminary objections to the jurisdiction of the court of common pleas, alleging the entire claim belonged before the Arbitration

Panels for Health Care pursuant to the Health Care Services Malpractice Act (the Act) of October 15, 1975, P.L. 390, as amended, 40 P.S. § 1301.101 et seq.

On June 13, 1978 Judge Pawelec sustained the jurisdictional challenge and ordered the claim transferred to the Office of the Administrator for Arbitration Panels for Health Care. Finally, on December 27, 1979 the file was received in the Office of the Administrator. On December 28, 1979 pursuant to Pa.R.C.P. 1032(2) we issued an order directing the parties to show cause why jurisdiction did not properly lie in the Philadelphia County Court of Common Pleas in light of the intervening Superior Court decisions in Staub v. Southwest Butler County School District, _____ Pa. Superior Ct. _____, 398 A. 2d 204 (1979), and Taglieri v. Logansport Machine Co., Inc., _____ Pa. Superior Ct. _____, 405 A. 2d 524 (1979).

In Staub, plaintiff had commenced an action in the court of common pleas against the alleged tortfeasor school district for injuries occurring during a physical education class. Thereafter, the school district joined the health care providers who treated plaintiff for her injuries, North Hills Passavant Hospital, Dr. Saban and Dr. Ludner. The additional defendant-health care providers successfully argued in the lower court that the entire claim should be transferred to the Arbitration Panels for Health Care pursuant to section 309 of the Act, 40 P.S. § 1301.309. The Superior Court reversed the lower court and found that since the lower court properly had jurisdiction over plaintiff's claim against defendant-school district, the mere joinder by the school district of additional defendant-health care providers would not divest

the court of common pleas of jurisdiction: 398 A. 2d at 206-207. The Superior Court narrowly interpreted the exclusive jurisdiction provision of the Act, section 309, 40 P.S. § 1301.309, as not providing the Arbitration Panels with exclusive jurisdiction over a claim brought by a plaintiff against an original defendant who is neither (1) a health care provider, nor (2) a nonhealth care provider kindred to a health care provider and joined with an original defendant-health care provider.

The circumstances of this case are analogous to the situation in Staub. Plaintiff commenced his action solely against a nonhealth care provider. Jurisdiction would lie with the Arbitration Panels if defendant Pilling Co., a surgical instrument manufacturer, had been originally joined with the health care providers now named as additional defendants. See Staub, 398 A. 2d at 206; Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978). However, plaintiff having properly elected the court of common pleas as the forum in which to assert this claim, may not be denied his choice by a defendant who joins health care providers as additional defendants. See Staub, 398 A. 2d at 207; Taglieri, 405 A. 2d at 525.

We are aware that other courts have reached different conclusions. See Zettlemoyer v. Kennedy, 8 D. & C. 3d 62 (1978); Firich v. The American Cystoscope Makers, Inc., 482 F. Supp. 1043 (W.D. Pa. 1980). However, we are constrained to follow the determinations of our Superior Court.

Accordingly, we enter the following

## ORDER

And now, February 7, 1980, upon consideration of the memorandum of defendant Pilling Company

on the issue of jurisdiction, filed January 28, 1980, and the remainder of the record, it is hereby ordered and decreed that upon consideration of the foregoing opinion this action shall be transferred to the Philadelphia County Court of Common Pleas upon expiration of the period for appeal of this order.