489 Pa. 196 (1980)
413 A.2d 1082
Diane Lynn STAUB
v.
SOUTHWEST BUTLER COUNTY SCHOOL DISTRICT
v.
Jose SABAN, M.D., Appellant,
Mario Ludmer, M.D., and North Hills Passavant Hospital.
Supreme Court of Pennsylvania.
Argued March 10, 1980.
Decided April 30, 1980.
*197 John W. Jordan, IV, Thomson, Rhodes & Grigsby, Pittsburgh, for appellant.
James A. Wood, Pittsburgh, for Mario Ludmer, M.D.
Donald W. Bebenek, Pittsburgh, for North Hills Passavant Hospital.
William C. Robinson, Henninger & Robinson, Butler, for Southwest Butler County School District.
Peter J. Mansmann, Pittsburgh, for appellee.
James F. Israel, Pittsburgh, for Diane Staub.
Before EAGEN, C.J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

*198 OPINION
LARSEN, Justice.
Diane Lynn Staub, a high school student, was injured during a physical education class and brought an action in the Court of Common Pleas against Southwest Butler County School District for negligence in the conduct and supervision of the class. The School District joined the physicians who treated plaintiff's injuries and the hospital in which the treatment occurred as additional defendants. The additional defendants objected to proceeding further in the Court of Common Pleas alleging that when health care providers are made parties, original exclusive jurisdiction over the case lies with the office of the Administrator for Arbitration Panels for Health Care pursuant to the Health Care Services Malpractice Act.[1]
The Court of Common Pleas sustained the objection and transferred the case to the Administrator for Arbitration Panels.
The School District and Jose Saban, M.D., appealed this order to the Superior Court. That Court, in Staub v. Southwest Butler County School District, 263 Pa.Super. 413, 398 A.2d 204 (1979), reversed and remanded the case to the Court of Common Pleas for further proceedings. Dr. Saban then appealed to this Court alleging that the Superior Court erred in remanding the complaint against the health care providers to the Court of Common Pleas, and that this complaint should be dismissed entirely.
We have reviewed appellant Saban's contentions and find that the Superior Court correctly held that jurisdiction lies in the Court of Common Pleas, and that the third party complaint against the health care providers should not be dismissed. The order of the Superior Court is affirmed.
NIX, J., filed a concurring opinion.
*199 NIX, Justice, concurring.
I agree with the result reached by the Superior Court, but I would like to note that I share the views expressed by Judge Hoffman in his concurring opinion.
NOTES
[1] Act of October 5, 1975, P.L. 390, No. 111, 40 P.S. §§ 1301.101-1301.1006.